UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAVERNE M. LEONARD,

                Plaintiff,

-against-

UNITED STATES OF AMERICA, *ET AL.*,

                Defendants.

23-CV-8571 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights. By order dated October 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Laverne M. Leonard brings this action against approximately 42 defendants including, among others, the United States of American, President Joe Biden, the Federal Bureau of Investigation ("FBI") and several FBI agents, the Central Intelligence Agency ("CIA"), the "Secret Service Organization," the United States District Court for the Southern District of New York and the United States Bankruptcy Court for the Southern District of New York, Mount Sinai Hospital, NYU Langone Hospital, Columbia University Hospital, various doctors, the "Christian Congregation of Jehovah's Witnesses," the Screen Actors Guild, the Directors Guild of America, CVS, PETCO, and Chewy. Plaintiff's 36-page, largely single-spaced complaint begins by alleging "[u]pon information and belief" that

> doctors of various hospitals, and members of the court of the New York County Supreme Court, United States Bankruptcy, and United States District Court Southern District of New York carried out criminal, civil rights violations, and violations of the constitution of the United States, at the behests of the Biden administration in collusion with the FBI, Secret Service, CIA, and other law enforcement agencies.

(ECF 1, at 3.)

The following allegations, among others, are included in the complaint. Plaintiff alleges,

> [U]nder the Biden administration and under past United States presidential administrations, in collusion with the FBI, Secret Service, CIA and other law enforcement agencies used the medical arena, through willful malpractice of doctors, nurses, hospital personnel, and justices of the court were willing participants in this collusion violating my civil rights, violations of the laws of the state of New York and of the Constitution of the United State[s] of America.

(*Id.*)

> [T]he United States government implanted chips in my brain and other body parts to record videos of creative work, sexual fantasies in my imagination and recorded video of sexual orgasms, tracking devices and chips and other spy devices to extort property, their laundered money and for sex trafficking.

(*Id.* at 9.)

Plaintiff also alleges that the Biden Administration, past presidents, the FBI, CIA, Secret Service, doctors, nurses, attorneys, and "Court houses" conspired

> to engage in SEX TRAFFICKING and to perform sex acts on me after I was either sedated for surgery, and or drugged, KIDNAPPED, RAPED, and SODOMIZED by multiple persons from anywhere I happened to be on any given day, which was knowledge gained by the Biden administration by means of a[n] electronic chip and tracking device unknowingly planted in my brain.

(*Id.* at 4.)

> [T]he sex assaults w[ere] recorded on a tracking device, chip, unknowingly implanted in my body, and the sex assault was recorded on a chip, tracking device and or phone and then the SEX ASSAULT was erased from my memory by a date rape drug of some kind, then I was returned to the location I was KIDNAPPED from, to then been given another drug administered to wake me from sedation.

(*Id.*)

While Plaintiff was sedated in the operating room at Mount Sinai Hospital, the FBI arranged for its agents "and strangers from the street to rape, sodomize and administer oral sex while under sedation." (*Id.* at 5.)

The Biden Administration and the FBI instructed "attorney[s], court members, [and] visitors" at the Bankruptcy Court for the Southern District and the New York State Supreme Court "to administer a pin needle drug puncture, kidnap, rape, sodomize and somehow erase my memory to conceal their crimes." (*Id.*)

Furthermore, "FBI agent Letitia James was instructed by the Biden administration through FBI, CIA, Secret Service, or other law enforcement to fraudulently transfer or sell my

3

mortgage free Warwick New York property (bulk/lot 210/16) to an actor name[d] Tom Cruise." (*Id.* at 6.)

In 2023, an agent of the FBI and CIA "was instructed to supply the Biden administration with keys to my home in 2023, so the president could have sex with me along with other persons." (*Id.* at 8.) "[T]he Biden administration us[ed] the spy equipment planted in my home, use[d] software and invisible electronic angels and electronic flies to prick my skin and pull hair strands to check for diseases and drugs levels that they themselves dispenses." (*Id.*) The "spy software and chips . . . repeatedly dispense[d] drugs such as cocaine 2 to 3 times a day in my home as a science project against my will." (*Id.*)

Plaintiff also alleges that "current and past government officials . . . buried large sums of money in my Harlem and Warwick NY propert[ies] before I purchased [them]" and then "started a fraudulent foreclosure action using HSBC and Wells Fargo so they could access they money they buried" at her property. (*Id.* at 10.)

Plaintiff appears to seek $985 trillion from the United States government as well as various forms of injunctive relief. (*See id.* at 23-26.)

**DISCUSSION**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25

4

(1989) (stating claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's claims are premised on her belief the President Joe Biden, various federal law enforcement agencies, doctors, state and federal courts, and dozens of other individuals and groups have conspired to violate her rights by, among other things, implanting electronic chips and tracking devices into her body, repeatedly sexually assaulting her, erasing her memory, and foreclosing on her home in order to access money previously buried on her property. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802, 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she was victim of a broad conspiracy perpetrated by President Biden, federal law enforcement agencies, doctors, courts, and others. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that she believes to be true − that she is a victim of a broad conspiracy perpetrated by Defendants to harm her – but that are implausible. Plaintiff has pleaded no factual predicate in support of her assertions; therefore, the allegations amount to conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City of New*

*York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him."); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's allegations are conclusory claims and suspicions that are implausible, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses the complaint as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   November 27, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge